# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:09CV88-MU-02

| | |
|---|---|
| CEDRICK WILSON, JR. )<br>    Petitioner, )<br>)<br>       v. )<br>)<br>DAVID MITCHELL, Superinten- )<br>  dent; and )<br>ALVIN W. KELLER, JR., )<br>    Respondents. )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (document # 1); and on his Application to Proceed in District Court Without Prepaying Fees or Costs (document # 2), both filed July 27, 2009.

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the form-Petition, a jury convicted Petitioner of trafficking in 1,995 grams of cocaine by possession and transportation. On May 3, 2001, the Superior Court of Iredell County

sentenced Petitioner to 175 to 219 months imprisonment. In a direct appeal before the North Carolina Court of Appeals, Petitioner's conviction and sentence were affirmed upon a finding of "no error." North Carolina v. Wilson, 155 N.C. App. 89, 101 (December 21, 2002). Petitioner did not seek further direct review with the U.S. Supreme Court. Instead, Petitioner filed various other post-appeal motions in the State court, all of which were unsuccessful. That is, on February 27, 2003, Petitioner's Petition for Discretionary Review was denied by the Supreme Court of North Carolina. See North Carolina v. Wilson, 356 N.C. 693 (2003). On October 6, 2003, Petitioner's Petition for a Writ of Certiorari was denied by the State Court of Appeals. See Wilson v. North Carolina, 540 U.S. 843 (2003).

Then, after a lapse of more than five years, Petitioner initiated State collateral review on November 3, 2008, when he filed a Motion for Appropriate Relief ("MAR," hereafter) in the Superior Court of Iredell County. However, Petitioner's MAR also was denied on April 15, 2009.

Now, Petitioner has filed the instant federal Habeas Petition arguing that he was denied the effective assistance of counsel at trial and on appeal; that his conviction and sentence were obtained in violation of his right to due process; and that his trial proceedings were unlawfully conducted. Nevertheless, this Court has determined that the instant Habeas Petition must be summarily

dismissed.

## II. ANALYSIS

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under

this subsection.

In the instant case, as the Court has noted, Petitioner's conviction and sentenced were affirmed upon direct appeal on December 21, 2002, and he did not seek certiorari review before U.S. Supreme Court. In addition, Petitioner's Petition for Discretionary Review was denied by the State Supreme Court on February 27, 2003; and his Certiorari Petition was denied by the State Court of Appeals on October 6 2003. Consequently, even when giving him the benefit of all conceivable calculations, Petitioner's case became final no later than January 14, 2004, i.e., 90 days after the denial of his Certiorari Petition by the State Court of Appeals. See generally Clay v. United States, 537 U.S. 522, 527 (2003) (noting that convictions become final for AEDPA purposes at the expiration of the period during which direct review could have been sought).

Based upon the foregoing, in the absence of any intervening circumstances, Petitioner had up to and including January 14, 2005, in which to file the instant federal Petition. See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same); see also 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review."). Obviously, Petitioner did not meet that 2005 deadline.

Additionally, while it has not escaped the Court's attention that Petitioner sought post-conviction review in the State court system through his MAR, that fact is of little consequence here. That is, Petitioner allowed his January 2005 AEDPA deadline to expire by more than three years before he even initiated his pursuit of collateral review with his MAR on November 3, 2008. By the time Petitioner filed that MAR, his one-year limitations period already had fully expired. Consequently, because it is well settled that subsequently filed motions or petitions for collateral review in State court cannot somehow breathe new life into already expired federal limitations periods, Petitioner's delayed pursuit of State collateral review simply came too little too late. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period). In short, the time during which Petitioner pursued collateral review cannot be used to toll the one-year limitations period.

Moreover, after having allowed more than five years to elapse between the time his conviction became final and the date he began his pursuit of federal relief, Petitioner was in the position to

5

know that his Petition might be construed as time-barred.[1] Indeed, question 18 on his form-Petition prompts petitioners whose judgments of conviction became final more than a year before the initiation of their habeas Petitions to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [their] Petition[s]." To that end, Petitioner advises the Court that his Petition should be deemed timely filed because:

> Petitioner sought direct appeal in the North Carolina Court of Appeal and he was instructed to file the motion in Iredell County Superior Court. Having done so, the motion was denied on 15 April 2009. Therefore, and according[], to the AEDPA, Petitioner's one year statute of limitation began to run anew at that point because upon the trial court's denial the conviction became final. See Teague v. Lane, where the Supreme Court of the United States defines "final" conviction after appeal.

Suffice it to say, however, that foregoing statement falls far short of establishing a statutory basis for excusing Petitioner's delay in filing his Petition as he misapprehends the law. Indeed,

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that Petitioner was given the opportunity to address the timeliness of his Petition but failed to do so, this Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

as has been explained, the filing of an MAR does not somehow restart the one-year limitations period. Rather, that action merely tolls any time which is remaining at the time the MAR is filed. Similarly, a case becomes final at the conclusion of direct, not collateral review. Therefore, Petitioner's explanation is ineffective.

Likewise, the Court is aware that equitable tolling of the AEDPA statute of limitations is allowed in "rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc). Here, however, Petitioner has not articulated any such rare circumstances for equitable tolling. Indeed, not even his misapprehension of the law is sufficient to warrant equitable tolling.

Furthermore, the Court also is aware of the Fourth Circuit's decision in Bilal v. North Carolina, 287 Fed. Appx 241 (4th Cir. July 18 2008), in which the Court, specifically limiting its holding to the facts of that case, concluded that this Court's sua sponte dismissal of a § 2254 Petition was premature. However, this case is distinguishable from Bilal.

In Bilal, the petitioner responded to question 18 on his form petition with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status.

Here, Petitioner provided a response which simply was insufficient to excuse his delay. Moreover, unlike <u>Bilal</u>, this case does not involve a mere 30-day delay, rather it involves a delay of more than three years from the time that Petitioner's conviction became final until the date on which he even began his pursuit of collateral review in State court. As such, this Court finds <u>Bilal</u> inapplicable here. In sum, therefore, the undersigned finds that Petitioner's untimeliness stands as an absolute bar to his entitlement to federal review.

Finally, although Petitioner has submitted a fully completed IFP Application (document # 2), he has failed to submit a certified copy of his inmate trust account statement to support his IFP Application. As such, this Court cannot determine whether Petitioner actually lacks sufficient resources from which to pay the applicable $5.00 application fee. Therefore, Petitioner's IFP Application will be <u>denied</u>.

### III. <u>CONCLUSION</u>

The Court has determined that the instant Petition was untimely filed without excuse; therefore, such Petition must be <u>dismissed</u>.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's IFP Application (document # 2) is **DENIED.** Within twenty (20) days from the date of this Order, Petitioner

shall remit the $5.00 filing fee for this action.

2. Petitioner's Petition for a Writ of <u>Habeas Corpus</u> (document # 1) is **DENIED and DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: August 4, 2009

Graham C. Mullen
United States District Judge